UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
UNITED STATES OF AMERICA             :
                                     :    CONSENT PRELIMINARY ORDER
        - v. -                       :    OF FORFEITURE AS TO SPECIFIC
                                     :    PROPERTY/MONEY JUDGMENT
CHASE HARRIS,                        :
            Defendant.               :    26 Cr. 268 (PMH)
                                     :
------------------------------------ x

WHEREAS, on or about June 22, 2026, CHASE HARRIS (the "Defendant"), was

charged in a one-count Information, 26 Cr. 268 (PMH) (the "Information"), with conspiracy to

commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count

One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the

Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 982(a)(1), of any and all property real and personal, involved in the commission of the

offense charged in Count One of the Information, including but not limited to a sum of money in

United States currency representing the amount of property involved in the offense charged in

Count One of the Information and the following property:

     a.    $88,896.39 in funds currently held by S2J Consulting LLC, at the
Educational Employees Credit Union;

     b.    $59,480 in funds currently held by C4H Management at the
Educational Employees Credit Union; and

     c.    $134,000 in funds currently held by the Defendant at the James
Whalen Law Trust (the attorney escrow account for defendant's
counsel in this case);

WHEREAS, on or about June 22, 2026, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), (i) a sum of money equal to $1,240,847.99 in United States currency, and (ii) all right, title and interest of the Defendant in the following property:

a.      $88,896.39 in funds currently held by S2J Consulting LLC, account 0010595529 (Business Checking 1110010595529) at the Educational Employees Credit Union (the "S2J Account");

b.      $59,480 in funds currently held by C4H Management LLC a/k/a "C4H Management LLC," account 0010580697 (Business Checking 1110010580697) at the Educational Employees Credit Union (the "C4H Account"); and

c.      $134,000 in funds currently held by the Defendant at the James Whalen Law Trust (the attorney escrow account for defendant's counsel in this case) (the "Escrow Account");

(a. through c., collectively, the "Specific Property")

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,240,847.99 in United States currency, representing the amount of property involved in the offense charged Count One of the Information, for which the Defendant is jointly and severally liable with any unindicted co-conspirators ("Co-Conspirators") that are charged with the conduct alleged in Count One of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators related to the offense charged in Count One of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property which constitutes property involved in the offense charged in Count One of the Information:

a. Any and all funds on deposit in the S2J Account;

b. Any and all funds on deposit in the C4H Account; and

c. $134,000 in funds held for the benefit of the Defendant in the Escrow Account (a through c., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Reyhan Watson, of counsel, and the Defendant and his counsel, Ryne T. Sandel, Esq., that:

1.      As a result of the offense charged in the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,240,847.99 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Information, for which the Defendant is jointly and severally liable with any Co-Conspirators that are charged with the conduct alleged

in Count One of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators related to the offense charged in Count One of the Information, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant CHASE HARRIS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          06/22/2026
Reyhan Watson                                                    DATE
Assistant United States Attorney
50 Main Street, Suite 1100
White Plains, New York 10606
(914) 993-1965

CHASE HARRIS

By: _____          6/22/26
Chase Harris                                                      DATE
Defendant

By: _____          6/22/2026
James P. Whalen                                                DATE
Attorney for Defendant
Whalen Law Office
9300 John Hickman Pkwy, Suite 501
Frisco, TX 75035

SO ORDERED:

_____          6/22/2026
HONORABLE PHILIP M. HALPERN                DATE
UNITED STATES DISTRICT JUDGE